ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TODD MILLER, individually and on behalf of all others similarly situated,

                         Plaintiff,

    - against -

SANOFI CONSUMER HEALTHCARE and CHATTEM, INC.

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/5/23

22 Civ. 574 (LLS)

OPINION & ORDER

    Plaintiff Todd Miller brings this putative class action against defendants Sanofi Consumer Healthcare and Chattem, Inc. alleging deceptive advertising in violation of New York General Business Law sections 349 and 350. In his complaint, plaintiff also brought a claim for unjust enrichment and sought injunctive relief; however, plaintiff dismissed that claim and relief in the reply to defendant's motion to dismiss the complaint. Dkt. No. 21. On April 13, 2022, plaintiff voluntarily dismissed defendant Sanofi Consumer Healthcare without prejudice. Dkt. No. 18.

    The remaining defendant, Chattem, Inc. moved to dismiss the complaint. For the reasons explained below, the motion to dismiss is granted.

1

## Background

The following facts are alleged in the Complaint. Dkt. No. 1 ("Comp."). Defendant Chattem, Inc. ("defendant" or "Chattem") manufactures, advertises, sells, and distributes over-the-counter drugs, including Dulcolax Soft Chews Mixed Berry and Dulcolax Liquid Cherry (together "the Products"). Comp. at 2-4. The Products' labels state that the product "works naturally with your body." Comp. at 3-4.

Plaintiff Todd Miller ("plaintiff") alleges that those labels are false, deceptive, and misleading because the Products contain synthetic ingredients and are therefore not natural products. Comp. at 1. Miller alleges that he and the putative class members were injured because they paid a premium for the Products based on Chattem's alleged misrepresentation that the Products were natural and were deprived the benefit of the bargain because the Dulcolax products were not natural. Comp. at 10.

## Legal Standards

To survive a motion to dismiss under Federal Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

2

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations omitted).

"N.Y. GBL Section 349 prohibits '[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state.' N.Y. GBL Section 350 prohibits '[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in [New York].' To successfully assert a claim under either section, 'a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice.'" Orlander v. Staples, Inc., 802 F.3d 289, 300 (2d Cir. 2015) (citing Koch v. Acker, Merrall & Condit Co., 18 N.Y.3d 940, 944 (2012)) (alterations in the original). "It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." Fink v. Time Warner Cable, 714 F.3d 739, 741 (2d Cir. 2013).

## Discussion

"The primary evidence in a consumer-fraud case arising out of allegedly false advertising is, of course, the advertising itself." Fink v. Time Warner Cable, 714 F.3d 739, 742 (2d Cir. 2013). A simple comparison shows that Miller's claims for violation of NY GBL §§ 349 and 350 misquote the label of the Products he alleges are deceptive. Miller complains that "despite the Products containing a number of synthetic ingredients, defendants market the Products as being natural." Comp. at 2; id. ("a reasonable consumer understands Defendants' natural claims to mean that the Products are natural and do not contain synthetic ingredients"). But the two labels which Miller complains of simply state that the product "works naturally with your body." Id. at 3-4.

They do not label the product as "natural." Id. The Complaint does not quote any statement that the product itself was "natural," because there is none.

"A plaintiff who alleges that he was deceived by an advertisement may not misquote or misleadingly excerpt the language of the advertisement in his pleadings and expect his action to survive a motion to dismiss." Fink, 714 F.3d at 742. When a plaintiff's allegations regarding the labeling of a defendant's product are "materially inconsistent with the sole

4

advertisement plaintiffs have submitted," the plaintiff fails to state a claim that is plausible on its face. Id.

Plaintiff Miller has not provided marketing materials that actually express what he claims are misrepresentations. The label uses the word "naturally" as an adverb to describe how the Products work. Plaintiff misrepresents it, saying that it describes the product. On that key point, the claim fails.

### Conclusion

The motion to dismiss is granted with leave to amend the complaint.

So ordered.

Dated:   New York, New York
         January 5, 2023

*Louis L. Stanton*

LOUIS L. STANTON

U.S.D.J.